UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

BOBBY L. NATHAN                                CIVIL ACTION

v.                                             NO. 11-2275

MARCIA ST. MARTIN, EXEC. DIR.                  SECTION F
OF THE SEWERAGE & WATER BOARD
OF NEW ORLEANS

## ORDER AND REASONS

Before the Court is the defendant's motion for summary judgment. For the reasons that follow, the motion is GRANTED.

## Background

This disputes involves alleged discrimination that resulted from employee reclassification.

Bobby Nathan, employed by the Sewerage and Water Board of New Orleans ("SWB"), has held the position of Equal Employment Opportunity Officer since 1991. As such, Mr. Nathan's civil service title is Management Development Supervisor I, and he reports directly to the Executive Director, Marcia St. Martin.

In April 2005, at the request of SWB, the City Civil Service Commission performed a comprehensive management study of various positions, including Mr. Nathan's position at the time (Management Services Supervisor I). The study examined the duties and responsibilities of the various positions. As a result of the study, some SWB employees who held the title Management Services Supervisor I and supervised a permanent

1

employee were reclassified as Utility Service Managers, which is in a higher pay grade.  Although his title was Management Services Supervisor I, Mr. Nathan was not reclassified, in part because he did not supervise a permanent employee.  He subsequently requested that a permanent secretary be assigned to him.

On September 18, 2007, Mr. Nathan sent an interoffice memorandum to Ms. St. Martin, asserting that he was being discriminated against because he had more job experience than his peers and subordinates that had been reclassified to Utility Service Managers.  Mr. Nathan sent a second interoffice memorandum to Ms. St. Martin on September 25, 2007, reiterating that he felt discriminated against.  On September 27, 2007, Mr. Nathan filed a formal grievance, stating that he was "denied proper clerical support," and by doing so "[SWB] systematically and deliberately denied [him] the opportunity to be promoted to Utility Services Manager."  According to the record, it does not appear that Ms. St. Martin responded to the grievance.

On December 18, 2009, Mr. Nathan filed a charge of discrimination with the Equal Employment Opportunity Commission, alleging age discrimination, and on June 22, 2011, the EEOC issued a right-to-sue letter.  In turn, Mr. Nathan sued Ms. St. Martin in this Court on November 23, 2011.  Defendant now moves for summary judgment on plaintiff's claims.

I. <u>Legal Standard</u>

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law.  No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  <u>See</u> <u>Matsushita Elec. Indus. Co. v. Zenith Radio.</u>, 475 U.S. 574, 586 (1986).  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion.  <u>See</u> <u>id.</u>  Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate.  <u>Id.</u> at 249-50 (citations omitted).  Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case.  <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986).  In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party.  <u>See</u> <u>Donaghey v. Ocean Drilling & Exploration Co.</u>, 974 F.2d 646, 649 (5th Cir. 1992).  Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims.  <u>Id.</u>  Hearsay evidence and

unsworn documents do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987). Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

## II. Discussion

The defendant contends that summary judgment is appropriate because plaintiff's claim is time barred. The Court agrees.

*A.*

In Louisiana, a deferral state,[1] an employee must file his charge of discrimination with the EEOC within 300 days of the alleged discriminatory conduct. See 42 U.S.C. § 2000e-5(e) (2006); Hartz v. Adm'rs of Tulane Educ. Fund, 275 F. App'x 281, 287 (5th Cir. 2008). If the employee fails to submit a timely EEOC charge, the employee may not challenge the alleged discriminatory conduct in court. See 42 U.S.C. § 2000e-5(f)(1); Hartz, 275 F. App'x at 287. It is well established within the Fifth Circuit that the 300-day time period begins to run from

---

[1] Generally, an EEOC charge must be filed within 180 days of the alleged unlawful employment practice. If a state does not have a state agency with mechanisms in place to challenge employment discrimination, it is called a non-deferral state and the 180-day timeline applies. If a state has a state agency that accepts employment discrimination claims, then the state is deemed a deferral state and the 300-day timeline applies. See, e.g., Conner v. La. Dep't of Health & Hosps., 247 F. App'x 480, 481 (5th Cir. 2007); see also 42 U.S.C. 2000e-5(e).

4

"the time the complainant knows or reasonably should have known that the challenged act has occurred." Ramirez v. City of San Antonio, 312 F.3d 178, 181 (5th Cir. 2002); Conaway v. Control Data Corp., 955 F.2d 358, 362 (5th Cir. 1992) ("'The time begins when facts that would support a cause of action are or should be apparent.'" (quoting Blumberg v. HCA Mgmt. Co., Inc., 848 F.2d 642, 645 (5th Cir. 1988))).

Defendant contends, and the record supports, that the basis of Mr. Nathan's discrimination complaint is that he was denied clerical support, which in turn prevented him from being promoted to the position of Utility Services Manager. Defendant submits Mr. Nathan's September 18, 2007 interoffice memorandum, which explicitly states that plaintiff believes "discrimination has been practiced against [him] and should be corrected" because he was not "elevated to the new classification of Utility Service Manager." Further, Mr. Nathan's September 25, 2007 interoffice memorandum asserts that "[plaintiff] was denied promotion to the new classification of Utility Service Manager by [Ms. St. Martin] and the Civil Service Commission, thereby being denied an increase in salary," and the fact plaintiff cannot "be promoted because [he] does not have a Clerk does not set well [with him] . . . . It is just plain disparate treatment and discrimination." Therefore, even construing the facts in a light most favorable to the plaintiff, no genuine dispute exists as to the fact that Mr.

5

Nathan knew of the alleged discrimination on September 18, 2007 (or, at the latest, September 25, 2007) and was complaining that discrimination occurred. Moreover, in both memoranda, plaintiff asserts what is still the core of his complaint today; that he was allegedly discriminated against when he was not reclassified. Plaintiff filed his EEOC charge on December 18, 2009, well outside the 300-day time period that began on September 18, 2007. His claim is quite simply untimely.

*B.*

Plaintiff contends that his complaint is not untimely for three reasons: (1) the exception of equitable estoppel applies, (2) the exception of equitable tolling applies, and (3) there was an occurrence of discrimination within the 300-day time period to file an EEOC charge. The Court finds the plaintiff's allegations to be without merit.

First, Plaintiff contends that the exception of equitable estoppel should apply. Equitable estoppel applies "when a defendant intentionally engages in misconduct to prevent the plaintiff from filing a timely charge." Deveaux v. Napolitano, No. 12-9477, 2012 WL 3065431, at *4 (E.D. La. July 27, 2012). Plaintiff asserts that SWB intentionally prolonged its grievance process and failed to follow its own grievance procedures to prevent Mr. Nathan from timely filing his EEOC charge. Specifically, plaintiff points to the fact that Ms. St. Martin

never responded to Mr. Nathan's grievance, and SWB's policy requires supervisors to respond, in writing, to the employee within a set number of days.[2] The fact that Ms. St. Martin did not respond, however, does not indicate that SWB obstructed plaintiff from filing a charge. It might simply be a reflection of her attitude. Contrary to what the plaintiff asserts, SWB's grievance policy does not mandate exhaustion before a plaintiff is able to seek other remedies. The choice of forum clause simply states that if "the employee seeks resolution of the matter through an agency outside of the Board, whether administrative or judicial, the Board in its discretion may refuse to process or further consider the grievance." On this record, the Court cannot say that SWB intentionally engaged in conduct to deprive the plaintiff of his ability to file a charge.

Second, plaintiff asserts that equitable tolling applies here. The Fifth Circuit has warned that equitable tolling is limited in concept, and that equitable modification should be "applied sparingly." See, e.g., Granger v. Aaron's, Inc., 636 F.3d 708, 712 (5th Cir. 2011); Ramirez, 312 F.3d at 183. The doctrine applies when a plaintiff suffers because of negligence "caused by the EEOC or another party." Deveaux, 2012 WL 3065431, at *4. The Fifth Circuit has described three non-exhaustive

---

[2] Step 1 of the grievance process requires the immediate supervisor to respond, in writing, to the employee within seven working days, and Step 2 requires the next supervisor to respond within five working days.

7

bases for equitable tolling: (1) a pending action between parties in the wrong forum, (2) the plaintiff's unawareness of the facts supporting his claim because defendant intentionally concealed them, and (3) the EEOC's misleading the plaintiff about his rights. Granger, 636 F.3d at 712.

Plaintiff alleges that he filed a discrimination complaint with the Office of Federal Contract Compliance Program on October 1, 2007, and with the Department of Labor on October 31, 2007, because he believed those agencies to be the correct forum. Plaintiff contends that the OFCCP and the DOL responded to him on September 11, 2009, indicating that they no longer handled complaints like Mr. Nathan's and referring the matter to the EEOC. The EEOC then accepted and investigated Mr. Nathan's claim without ever telling him that it was untimely. Therefore, according to the plaintiff, the negligence of the OFCCP, DOL, and the EEOC delayed his filing, and equitably tolling should apply.

Examining the record, however, the Court finds no support for the plaintiff's assertion that he filed a complaint with the OFCCP and the DOL in October of 2007.[3] Moreover, the fact that the plaintiff *may* have sent a complaint to the wrong agency does

---

[3] The plaintiff directs the Court's attention to a document in the record that appears to be nothing more than a document he created, in which the plaintiff states in a conclusory fashion that he sent a letter to the OFCCP and the DOL. The plaintiff also submits a DOL form, which is not dated. The form does, however, state that the plaintiff "has been issued a notice of the Right to Sue in State or Federal Court" by the EEOC, which occurred in 2011, thus belying plaintiff's assertion.

8

not indicate that the OFCCP, DOL, or EEOC themselves were *negligent*, causing the plaintiff to suffer.  Cf. McGarrah v. Kmart Corp., No 97-2386, 1999 WL 455716, at *3 (N.D. Tex. July 2, 1999) (noting that the EEOC was negligent because the agency lost the forms and therefore equitable tolling applies).  Notably, equitable tolling is "not available to avoid the consequences of the plaintiff's *own* negligence."  Deveaux, 2012 WL 3065431, at *4 (emphasis added) (internal quotation marks omitted); see also Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991) (holding that the lack of knowledge of the applicable filing deadlines and unfamiliarity with the legal process are not bases for equitable tolling).  Moreover, the fact that the EEOC investigated plaintiff's claim is not dispositive.  Deveaux, 2012 WL 3065431, at *3 (noting that the EEOC does not waive the timeliness objection solely because it agrees to investigate a claim).  Therefore, equitable tolling does not apply here.

Third, plaintiff contends that he suffered ongoing discrimination and that new acts of discrimination occurred within the 300-day time period.  Specifically, plaintiff alleges that Ms. St. Martin denied another request for support staff and a promotion in March 2009.  The Fifth Circuit has held that a denial of a promotion is a discrete act and not an ongoing violation.  Muthukumar v. Univ. of Tex. at Dall., 471 F. App'x 407, 408-09 (5th Cir. 2012) ("[D]iscrete acts such as

9

termination, failure to promote, denial of transfer, or refusal to hire . . . are easy to identify and each constitutes a separate actionable unlawful employment practice."). Therefore, even if the Court were to construe the March 2009 evaluation as a failure to promote, which would result in an alleged discriminatory act within the 300 day-window, summary judgment remains appropriate. There is nothing in the record to indicate that SWB failed to promote or reclassify the plaintiff in March 2009. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996); see also Ragas v. Tenn. Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998) ("The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. . . . Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." (citation and internal quotation marks omitted)).

Accordingly, the defendant's motion for summary judgment is GRANTED.

New Orleans, Louisiana, December 17, 2012

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE